PRESENT:  Goodwyn, C.J., Mims, Powell, Kelsey, McCullough, and Chafin, JJ., and Russell, S.J.

JULIO CORTEZ-RIVAS

v.  Record No. 210011

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
FEBRUARY 3, 2022

FROM THE COURT OF APPEALS OF VIRGINIA

Julio Cortez-Rivas challenges his rape conviction, arguing that the prosecution violated his rights under the Confrontation Clause of the United States Constitution by failing to produce as a witness a police officer who translated for a detective at the scene of the crime.  At trial, however, the Commonwealth offered the testimony of a different officer who separately translated the exchange between Cortez-Rivas and a police detective.  We conclude that Cortez-Rivas did not suffer any violation of his rights under the Confrontation Clause and, therefore, we affirm.

BACKGROUND

Steven Loving, a detective with the Manassas Park Police Department, interviewed Cortez-Rivas concerning the possible sexual abuse of his underage stepdaughter.  Cortez-Rivas' native language is Spanish.  Detective Loving was accompanied by Officer Gomez, who speaks Spanish.  Officer Gomez translated Detective Loving's questions and Cortez-Rivas' responses.  Detective Loving's body camera recorded the interview.

Officer Claudia Ventura, who is fluent in Spanish, reviewed the body camera footage and independently translated the statements Cortez-Rivas made during the interview.  Officer Ventura generated a transcript of this interview in English.

Cortez-Rivas was later charged with rape. At trial, Officer Ventura testified about statements Cortez-Rivera had made. Officer Ventura was subject to cross-examination. Officer Gomez, who had in the meantime retired from the police department, did not testify.

Following a presentation of all the evidence, a jury convicted Cortez-Rivas of rape. He appealed to the Court of Appeals. That court declined to grant him an appeal. We granted Cortez-Rivas an appeal based on the following assignment of error:

> The trial court erred when it violated Mr. Cortez-Rivas' right of confrontation by admitting the hearsay statements of Mr. Cortez-Rivas' police interview without the testimony of the interpreter who interpreted the questions to Mr. Cortez-Rivas and the responses of Mr. Cortez-Rivas.

## ANALYSIS

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him." U.S. Const. amend VI. "[T]he Confrontation Clause . . . bars the admission of testimonial statements of a witness who did not appear at trial unless he [or she] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). "This Court reviews de novo whether the admission of evidence violates a defendant's confrontation right." *Logan v. Commonwealth*, 299 Va. 741, 745 (2021).

Officer Ventura, who translated the statements Cortez-Rivas made to Detective Loving, testified at trial and was subject to confrontation. She relayed statements Cortez-Rivas made to Detective Loving. For example, she testified that Cortez-Rivas said "I was drinking so it is possible that I touched her. I don't want to say because I honestly don't know." Officer Ventura prepared her translation based on her personal review of the body camera footage; she did not rely on Officer Gomez. Assuming, without deciding, that statements translated from one

2

language into another by a translator can constitute testimonial evidence, thus triggering the protections of the Confrontation Clause,* those protections were satisfied here because the translator, Officer Ventura, testified.

The Constitution does not require that all persons who had some involvement in a criminal investigation be produced as witnesses. *See Robertson v. Commonwealth*, 61 Va. App. 554, 563 (2013) ("[T]he Sixth Amendment does not require that everyone involved in the preparation of an exhibit testify as a witness at trial. Neither does the Confrontation Clause demand that everyone whose testimony might be relevant be required to testify."). The Constitution ensures that a defendant in a criminal case will "be confronted with the witnesses against him." U.S. Const. amend VI. Officer Gomez was not a witness and no statements at all from him, testimonial or otherwise, were offered into evidence. Therefore, since he was not a witness, there was no constitutional requirement for Officer Gomez to be confronted at trial. The fact that Officer Gomez originally translated at the scene for Detective Loving is immaterial for Confrontation Clause purposes.

CONCLUSION

For the foregoing reasons, we will affirm the judgment of the Court of Appeals.

*Affirmed.*

---

* We acknowledge the existence of a divergence of views on the question of whether an interpreter must be produced at trial to satisfy the constitutional guarantee of confrontation. *Compare, e.g.*, *State v. Lopez-Ramos*, 929 N.W.2d 414, 420 (Minn. 2019) (that the Confrontation Clause is not violated by the admission of translated statements where the translator is merely acting as a "language conduit"), *with United States v. Charles*, 722 F.3d 1319, 1330-31 (11th Cir. 2013) (concluding that the Confrontation Clause afforded a defendant the right to confront a translator). This case, however, does not present us with the opportunity to address that question.